MDR

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luke Zion Yochai-Adams-Trimmer,<br><br>              Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>              Respondents. | No.   CV-24-08083-PCT-JAT (JZB)<br><br>**ORDER** |

      Self-represented Petitioner Luke Zion Yochai-Adams-Trimmer, who is also known as Zion Z. Kauffman, is confined in the Arizona State Prison Complex-Lewis. He filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, which is actually two separate Petitions for a Writ of Habeas Corpus challenging two separate state court convictions, and an Application to Proceed In Forma Pauperis. In a May 15, 2024 Order, the Court granted the Application to Proceed, dismissed without prejudice the Petition for Writ of Habeas Corpus, and gave Petitioner 30 days to either (1) file an amended petition challenging both of his criminal cases **or** (2) file an amended petition in this action challenging one of his criminal cases and a petition in a new action challenging the other criminal case.

      Pending before the Court are Petitioner's "Motion to Add Documents and caselaw[] and § to case" (Doc. 8) and "Motion to file Subpo[e]na[]s" (Doc. 9). The Court will deny both Motions.

. . . .

**JDDL**

## I.     Motion to Add

In his Motion to Add, Petitioner asks the Court to add 46 pages of documents, statutes, and caselaw to the record for this action; order the Arizona Department of Corrections, Rehabilitation & Reentry (ADC) to "give 3 sets of cop[ie]s"; and send three copies of the Motion and 46 pages to Petitioner, the Arizona Attorney General, the Governor, and ADC's Director.

The Court, in its discretion, will deny the Motion. There is no need to specifically "add" the documents attached to the Motion; they became part of the record in this action when Petitioner filed them. The Court will not order ADC to provide Petitioner with three sets of copies; Petitioner provides no explanation as to why he needs three sets of copies of these documents or why he needs the Court to order ADC to provide them. And the Court will not send copies of the Motion and documents to Petitioner or anyone else; there is no need to serve any documents at this point and Petitioner has no right to free copies of pleadings. *See In Re Richard*, 914 F.2d 1526, 127 (6th Cir. 1990) (28 U.S.C. § 1915 "does not give a litigant a right to have documents copied and returned to him at government expense").[1]

## II.    Motion to File Subpoenas

In his Motion to File Subpoenas, Petitioner requests the Court "grant and send copies" of the subpoenas attached to his Motion. The Court, in its discretion, will deny the Motion.

A habeas petitioner is not entitled to discovery "as a matter of ordinary course," *Bracy v. Gramley*, 520 U.S. 899, 904 (1997), and is not permitted to use discovery "for fishing expeditions to investigate mere speculation." *Calderon v. United States Dist. Ct. for the N. Dist. of Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996). "[D]iscovery is available only in the discretion of the court and for good cause shown." *Rich v. Calderon*, 187 F.3d 1064,

---

[1] The Clerk of Court charges 50 cents per page for reproducing any record or paper. *See* Judicial Conference Schedule of Fees 4, foll. 28 U.S.C. § 1914. The Clerk of Court will provide Petitioner with copies of documents only upon receipt of a written request accompanied by payment of the 50 cents per page copy fee.

1068 (9th Cir. 1999); *see also* Rule 6(a) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. Petitioner has not provided any explanation as to why the discovery is necessary.

### III. Extension of Deadline

Petitioner has not complied with the May 15, 2024 Order, which gave him 30 days to either (1) file an amended petition challenging both of his criminal cases **or** (2) file an amended petition in this action challenging one of his criminal cases and a petition in a new action challenging the other criminal case. The Court, in its discretion, will grant Petitioner an additional 30 days to comply with the Order.

### IV. Warnings

#### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### B. Possible Dismissal

If Petitioner fails to timely comply with every provision of the May 15, 2024 Order and this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Petitioner's Motion to Add (Doc. 8) and Motion to File Subpoenas (Doc. 9) are **denied**.

(2) Within **30 days** of the date this Order is filed, Petitioner must either (a) file a single amended petition in this action challenging both Mohave Superior Court criminal cases (CR2020-01264 and CR2021-00087) **or** (b) file an amended petition in this action challenging one of his criminal cases and a petition in a new action challenging the other criminal case.

JDDL

1  (3) The Clerk of Court must enter a judgment of dismissal without prejudice of this action, without further notice to Petitioner, **if** Petitioner fails to submit an amended petition on the court-approved form within 30 days from the filing date of this Order and deny any pending unrelated motions as moot.

Dated this 27th day of June, 2024.

James A. Teilborg
Senior United States District Judge